## PEOPLE v. SWEARINGER.

### No. 21,148; January 14, 1895.

#### 38 Pac. 972.

**Appeal—Notice—Record.—An Appeal will be Dismissed** where the record does not show service of the notice of appeal, required by Penal Code, section 1240, and no certificate of the clerk that there was service has been filed, though permission to file such certificate, on the ground that the failure of the record to show such service was due to an error of the printer, was asked several months before the dismissal.

APPEAL from Superior Court, Mendocino County; R. McGarvey, Judge.

A demurrer to the information against W. H. Swearinger was sustained, and the people appeal. Dismissed.

J. E. Pemberton for the people; **J. A. Cooper for respondent.**

BELCHER, C.—The information in this case charges that on the fifteenth day of August, 1893, in the county of Mendocino, the defendant, W. H. Swearinger "did willfully, unlawfully, and feloniously alter and deface the earmarks and brand of one certain roan spotted yearling steer, the property of and belonging to one P. M. Bucknell, with the intent to thereby steal the same, and to prevent identification thereof by the said P. M. Bucknell, the true owner." The defendant demurred to the information upon the ground that it did not state facts sufficient to constitute a public offense. The demurrer was sustained, and from the order or judgment thereupon entered the people appeal.

The record does not show that the notice of appeal was served upon the attorney of the adverse party, or upon anyone, as required by section 1240 of the Penal Code, and on that ground the respondent moves to dismiss the appeal. The appellant, in the reply brief, admits that the record is defective in not showing that the notice of appeal was served, but says that it was in fact properly served, and that the omission was an error of the printer. A diminution of the record is then suggested, and leave is asked "to file a certificate of the clerk of the court below showing that there was due service." The reply brief was filed August 2, 1894, but no certificate of the clerk of the court below, or other paper, showing that there was due service, has been filed in this court. It follows that the appeal cannot be considered, and that it should be dismissed: People v. Phillips, 45 Cal. 44; People v. Clark, 49 Cal. 455; People v. Bell, 70 Cal. 33, 11 Pac. 327.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the appeal is dismissed.